**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FLOYD STEADLEY, IV | : | |
| | : | |
| Appellant | : | No. 326 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 22, 2020,
in the Court of Common Pleas of Lycoming County,
Criminal Division at No(s):  CP-41-CR-0001820-2017.

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 31, 2021**

Floyd Steadley, IV, appeals from the judgment of sentence imposed following the revocation of his sentence of intermediate punishment. Additionally, Steadley's appellate counsel has filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967) (hereinafter the "***Anders*** brief").  We grant counsel's petition, and affirm the judgment of sentence.

The revocation court summarized the relevant factual and procedural history as follows:

> [O]n April 18, 2017, Detective James Capello of the Lycoming County Narcotics Enforcement Unit filed a criminal complaint against [Steadley], charging him with delivery of controlled substances and related offenses.  [Steadley] was arrested on October 25, 2017.

---

* Retired Senior Judge assigned to the Superior Court.

On June 7, 2019, [Steadley] pleaded guilty to one count of delivery of a controlled substance, and the court sentenced him to a split sentence of 251 to 521 days of incarceration in the Lycoming County Prison, followed by three years of Intermediate Punishment (IP) with the first seven months to be served on work release at the Pre–Release Center (PRC). The court gave [Steadley] credit for 521 days of time served from October 25, 2017 to March 29, 2019. [Steadley] began serving the incarceration/work release portion of his IP on June 21, 2019.

On August 6, 2019, [Steadley] left PRC for a medical appointment at the River Valley Health & Dental Center (hereinafter "River Valley"). A PRC employee drove [Steadley] to the appointment and instructed [Steadley] to have someone from River Valley call PRC at the conclusion of his appointment. [Steadley] told the employee that he would probably take the bus to return to PRC.

The PRC contract and work release rules precluded [Steadley] from stopping anywhere else unless he received authorization from PRC to do so and from having unauthorized contact with other persons. The rules also indicated that any unauthorized departure or any failure to return would constitute escape from custody.

At approximately 1:45 p.m., [Steadley] left River Valley without anyone from River Valley contacting PRC. Instead of directly going to the bus stop, [Steadley] went to the pharmacy across the street from River Valley without authorization from PRC to do so. At some point thereafter, [Steadley] met with someone and changed his clothing. Eventually, [Steadley] took the bus back to PRC.

At approximately 2:55 p.m., when PRC personnel had not received a phone call from River Valley, the employee who drove [Steadley] was sent to River Valley to look for him. The employee did not locate [Steadley] at River Valley or in the surrounding area. At approximately 3:30 p.m., PRC staff initiated the escape protocol.

At approximately 4:15 p.m., [Steadley] returned to the PRC after getting off the bus.

On August 26, 2019, [Steadley's] probation officer filed an IP violation report against [Steadley]. Following a hearing on September 5, 2019, the court found probable cause to believe that [Steadley] violated the conditions of his IP by violating the PRC work release rules.

The court held a hearing on October 11, 2019. Following this hearing, the court found that [Steadley] violated the conditions of his IP. The court revoked [Steadley's] IP and scheduled a re-sentencing hearing for January 22, 2020.

On January 22, 2020, the court re-sentenced [Steadley] to one to two years' incarceration in a state correctional institution with respect to Count 1, delivery of a controlled substance (heroin), an ungraded felony. The court awarded [Steadley] credit for time served from June 21, 2019 to January 21, 2020.

On February 3, 2020, [Steadley] filed a motion for reconsideration of sentence, which the court summarily denied on February 10, 2020.

On February 20, 2020, [Steadley] filed a notice of appeal. [Steadley] filed a concise statement of matters complained of on appeal in which he raised seven issues, most of which assert that the court abused its discretion and imposed an unduly harsh and excessive sentence.

Trial Court Opinion, 4/30/20, at 1-3.[1]

---

[1] Notably, effective December 18, 2019, the legislature repealed 42 Pa.C.S.A. § 9773 ("Modification or revocation of county intermediate punishment sentence") and 42 Pa.C.S.A. § 9774 ("Revocation of State intermediate punishment sentence") in their entirety. Additionally, "County intermediate punishment' and "State intermediate punishment" were deleted from the sentencing alternatives provided in 42 Pa.C.S.A. § 9721. Finally, 42 Pa.C.S.A. § 9763, which previously was titled "Sentence of county intermediate punishment," was retitled "Conditions of probation." A variant on

The revocation court authored an opinion pursuant to Pa.R.A.P. 1925(a). In this Court, counsel filed a petition to withdraw from representation and an *Anders* brief. Steadley did not retain independent counsel or file a *pro se* response to the *Anders* brief.

Before we may consider the issues raised in the *Anders* brief, we must first consider counsel's petition to withdraw from representation. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief

---

intermediate punishment is now denominated as a type of probation. *See* 42 Pa.C.S.A. § 9763.

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of *Anders*. Counsel indicated that he conscientiously examined the record and determined that an appeal would be frivolous. *See Anders* Brief at 9 (stating that "[a]fter reviewing the [*sic*] all aspects of [Steadley's] case, counsel can find no issue that merits appeal to this Court"). Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record includes a copy of the letter that counsel sent to Steadley stating counsel's intention to seek permission to withdraw, and advising Steadley of his immediate right to proceed *pro se* or retain alternate

counsel and file additional claims.[2]  Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Steadley's appeal is wholly frivolous.

In the **Anders** Brief, counsel raises the following issues:

1. Did the trial court abuse its discretion when imposing an aggregate resentence of 1 year to 2 years of incarceration in a state correctional institution for subsequent intermediate punishment violations?

2. Should an application to withdraw as counsel be granted where counsel has investigated the possible grounds of appeal and finds the appeal frivolous?

**Anders** Brief at 6 (unnecessary capitalization omitted).

The first issue raised in the **Anders** brief presents a challenge to the discretionary aspects of the sentence imposed at Steadley's resentencing hearing.  A challenge to the discretionary aspects of a sentence is regarded

_____

[2] Initially, counsel filed an **Anders** brief on August 25, 2020; however, he did not file a withdrawal petition or a copy of the letter advising Steadley of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005) (holding that the prudent course is to require counsel to attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights).  Accordingly, by order of August 31, 2020, this Court directed counsel to file a proper withdrawal petition and provide a copy to Steadley, and to send Steadley a **Millisock** letter and provide a copy to this Court.  When counsel failed to comply within the prescribed time period, this Court issued a follow-up order on September 29, 2020.  Counsel thereafter complied, filing a withdrawal petition and **Millisock** letter with this Court on October 2, 2020.  The petition does not contain proof of service on Steadley; however, it states that a copy was provided to him, and the **Millisock** letter mentions that the petition was enclosed with the letter.

as a petition for permission to appeal, since the right to pursue such a claim is not absolute. *See Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence:

> we conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[A.] § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

Here, Steadley filed a timely notice of appeal, preserved his discretionary sentencing challenge in a motion to reconsider sentence, and the *Anders* brief contains a Pa.R.A.P. 2119(f) statement. Thus, we will proceed to determine whether Steadley has presented a substantial question for our review.

The determination of whether a particular issue constitutes a substantial question must be evaluated on a case-by-case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the lower court's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Roden*, 730 A.2d 995, 997 (Pa. Super. 1999).

In the Rule 2119(f) statement, counsel sets forth Steadley's argument that the resentence constitutes an abuse of discretion and is manifestly unreasonable in light of the nature of Steadley's violations and his rehabilitative needs. Steadley believes that resentencing him to a state prison term for violating the terms of his intermediate punishment is excessive and constitutes too severe a punishment. Steadley further argues that the evidence presented at the violation hearing failed to establish that continued intermediate punishment was no longer a viable rehabilitative tool for him. Steadley submits that these issues raise a substantial question as to the appropriateness of the sentencing scheme and warrant a review of the discretionary aspects of his resentence.

Here, the revocation court imposed a sentence of total confinement that was based on technical violations. The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process. *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010); *see also See Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa. Super. 2016) (holding that a claim that a violation of probation sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question). Accordingly, Steadley has raised a substantial question for our review.

The revocation of an intermediate punishment sentence is "equivalent to the revocation of probation."[3]  **Commonwealth v. Melius**, 100 A.3d 682, 685 (Pa. Super. 2014); **see also Commonwealth v. Flowers**, 149 A.3d 867, 872-73 (Pa. Super. 2016).   Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing.  42 Pa.C.S.A. § 9771(b). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

**Commonwealth v. MacGregor**, 912 A.2d 315, 317 (Pa. Super. 2006) (citations omitted).

When imposing a sentence of total confinement after a probation revocation, the revocation court is to consider the factors set forth in 42 Pa.C.S.A. § 9721(b) (providing that the sentence imposed should call for

---

[3] Effective December 18, 2019, the General Assembly repealed the relevant statutes authorizing the imposition — and modification or revocation — of the state and county intermediate punishment programs.  Act of December 18, 2019, P.L. 776, No. 115, §§ 4-5 (amending 42 Pa.C.S.A. § 9763 and repealing 42 Pa.C.S.A. §§ 9773, 9774); **Commonwealth v. Hoover**, 231 A.3d 785, 788 n.1, 790 (Pa. 2020) (opinion announcing judgment of the Court). "[I]ntermediate punishment is now classified as a type of probation." **Hoover**, 231 A.3d at 790 (citing 42 Pa.C.S.A. § 9763).  As the imposition and revocation of the intermediate punishment sentence at issue in this case preceded the effective date of this amendment, our review is not impeded by these statutory changes.  **Cf**. **id**. (holding that, because a trial court continues to have the authority to revoke an intermediate punishment sentence "albeit now under the label of probation," the issue presented in that case related to the revocation of county intermediate punishment remained justiciable).

confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant). A court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist: (1) the defendant has been convicted of another crime; (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. 42 Pa.C.S.A. § 9771(c).

Additionally, in every case in which the court resentences an offender following revocation of probation, the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reasons for the sentence imposed. *See* 42 Pa.C.S.A. 9721(b); *see also* Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed"). A revocation court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Malovich*, 2006 PA Super 183, 903 A.2d 1247 (Pa. Super. 2006).

Here, at resentencing, the revocation court discussed the particulars of the violation in question, as well as Steadley's long history of involvement in

the criminal justice system. *See* N.T., 1/22/20, at 2-6. The court also discussed at length the PSI report, which detailed Steadley's history of non-compliance with the terms and conditions of various probationary sentences, including repeated failures to appear and report since 2014. *See id*. at 5-6. The revocation court acknowledged that the present violation, when viewed alone, was not a significant offense, but stated the following reasons for imposing a sentence of total confinement following revocation:

> I can't just look at the tip of the iceberg, I['ve] got to look at everything. So, I have to take into account your entire history and your characteristics, and what I'm saying is this – what you did now is reflective of . . . overall behaviors by you where I don't think you have insight into what you're doing, and I think it's reflective of your behaviors of not accepting responsibility.

N.T., 1/22/20, at 19-20.

We discern no abuse of discretion by the revocation court in imposing a sentence of total confinement upon revoking Steadley's intermediate punishment. The record reflects Steadley's long history of criminal conduct and repeated violation of the terms and conditions of his prior probationary sentences extending from 2014 through the violation at issue in 2019. *See id*. at 5-6. Thus, we agree with counsel that Steadley's challenge to the discretionary aspects of his sentence would be frivolous.

Finally, as required by *Anders*, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. Our independent review of the record discloses no other

non-frivolous issues that Steadley could raise that counsel overlooked. ***See***

***Dempster***, ***supra***.

Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/31/2021